UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  10-60311-CR-Middlebrooks/Garber

UNITED STATES OF AMERICA,

v.

MILDRED ALEXIS,

        Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

THIS CAUSE was before the Court by Order of Reference from United States District Judge Donald M. Middlebrooks and the consent of the parties for the acceptance by a United States Magistrate Judge of a guilty plea by the defendant in this cause.   Pursuant to such reference, the Court has conducted a change of plea hearing on March 15, 2011, which was attended by the defendant Mildred Alexis, her attorney, Richard Docobo, Esquire, and Assistant United States Attorney Thomas Lanigan.  The Court hereby advises as follows:

1.  At the commencement of the change of plea proceedings, the Court advised the defendant that she had a right to have these proceedings conducted by the United States District Judge assigned to this case.  The defendant was advised that a Magistrate Judge was conducting these proceedings by Order of Reference from the District Judge, based upon the consent of the defendant, her attorney, and the Assistant United States Attorney to whom this cause is assigned, as evidenced by the filing of a Waiver executed by the defendant, his counsel, and government counsel.  The Court advised the defendant that the sentence would be imposed by the District Judge, who would make

all findings and rulings regarding such sentence and would conduct a sentencing hearing at a time scheduled by the District Judge.

2.   The defendant was advised that she did not have to permit the undersigned United States Magistrate Judge to conduct the change of plea hearing and could request that it be conducted only by a United States District Judge.  All parties and counsel agreed and consented to these proceedings being conducted by the undersigned.

3.   The Court then conducted a plea colloquy with the defendant consistent with the outline set forth in the Bench Book for District Judges and in conformity with the requirements of Rule 11 of the Federal Rules of Criminal Procedure.

4.   The Court advised the defendant of the maximum sentence possibilities as to Count 13 of the Indictment to which she was tendering a guilty plea.  The Court also advised the defendant of the mandatory special assessment of $100.00, which must be paid at the time of sentencing.

5.   The defendant acknowledged that she was satisfied with the services of her attorney and that she had full opportunity to discuss all facets of her case with her attorney, which she acknowledged that she understood.

6.   The defendant pled guilty to Count 13, charging that "From in or about October, 2009, through on or about November 2010, at Broward and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendant Mildred Alexis (and other named co-defendants) knowingly" and "for a reason other than permitted by Title 42, United States Code, Chapter 7, Subchapter XI, Part C," obtained and caused to be obtained individually "identifiable health information relating to an individual, with the intent to sell, transfer, and use, and caused to be used, said information for personal gain."  Specifically, defendant Mildred Alexis (and other named co-

2

defendants) caused defendants Natasha Orr and Raushanah Bowleg, then employees of healthcare providers, to obtain individually identifiable health information from Holy Cross Hospital, and Dr. Elliot A. Stein, M.D., P.A., relating to an individual, that is, patients' names, dates of birth, Social Security numbers, Medicare numbers, and addresses, which had been collected by the health care providers, with the intent to sell, transfer, and use said information for personal gain. All of the foregoing was in violation of Title 42, United States Code, Sections 1320d-6(a)(2) and (b)(3) and Title 18, United States Code, Section 2.

7. The defendant was advised that Count 13, to which she was pleading guilty, carried a maximum of ten (10) years imprisonment with a fine of up to $250,000.00, as well as a term of supervised release for up to three (3) years following completion of the term of imprisonment. The defendant acknowledged that she understood the maximum sentences and fines that could be imposed pursuant to the applicable statutes. The defendant then entered a plea of guilty as to Count 13.

8. The government filed a factual basis, made part of the record and executed by the defendant, her counsel, and the government, for the guilty plea which consisted of all of the essential elements of the offense to which the defendant is pleading guilty.

9. The defendant was remanded to the custody of the United States Marshal for continued confinement until the time of the imposition of sentence as set forth herein.

10. The defendant was referred to the United States Probation Office for the preparation of a Pre-sentence Report. **Sentencing is scheduled for Tuesday, May 24th, 2011, at 11:30 A.M. before U.S. District Judge Donald M. Middlebrooks, in his Courtroom on the 11th Floor of the James Lawrence King Federal Justice Building, 99 NE 4th Street, Miami, Florida 33132**.

Accordingly, and based upon the foregoing and the plea colloquy conducted in this cause, the undersigned hereby

RECOMMENDS that the defendant be found to have freely and voluntarily entered her guilty plea as to Count 13 of the Indictment, that her guilty plea be accepted, that she be adjudicated guilty of such offense, and that a sentencing hearing be conducted for a final disposition of this cause on the date set forth above.

The parties have fourteen (14) days from the date of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. See 28 U.S.C. §636.  Failure to file timely objections may bar the parties from attacking on appeal the factual findings contained herein.  LoConte v. Dugger, 847 F.2d 745, 750 (11th Cir.), cert. denied, 488 U.S. 958 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 15th day of March, 2011.

BARRY L. BARBER
UNITED STATES MAGISTRATE JUDGE

4